CATHERINE WYNN, Respondent, v. THE CENTRAL PARK, NORTH AND EAST RIVER RAILROAD COMPANY, Appellant.

*It seems*, where an employe of a railroad company is confronted with a sudden emergency, the failure on his part to exercise the best judgment the case renders possible does not establish lack of care and skill on his part.

Plaintiff was a passenger upon one of defendant's street cars. When upon a down grade the driver applied the brake to check its speed, the chain broke and the car collided with another ahead and plaintiff was injured. In an action to recover damages, it appeared undisputedly that the driver did all that could be done after the chain broke to prevent an accident and remained at his post until his car was within four feet of the one in front. There was no evidence tending to show that the driver was not entirely fit for the position, or that he at any time had failed to use proper care. The trial court, in the charge, left it to the jury to determine whether defendant employed skillful servants on the car and whether it was managed by the driver with proper care and skill. *Held*, error; that conceding the fact that the driver in handling the brake used more force than was absolutely necessary to check the speed of the car, this did not authorize the submission of the question of lack of skill or negligence; nor did the fact that the driver did not shout to the driver of the forward car, at least in the absence of evidence that this would have been of service in preventing the injury.

(Argued April 13, 1892; decided April 26, 1892.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made January 5, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries received by plaintiff while a passenger on one of defendant's cars.

The car was on a down grade, and the driver, to check its speed, applied the brake, when the brake chain broke, the horses became unmanageable and the car, after running some distance by its own weight, collided with a car standing upon the track and plaintiff was thrown from her seat and received the injuries complained of.

The following is the opinion in full :

" In his charge to the jury, the learned judge left it to that body to determine whether the defendant employed skillful servants on the car and whether the car was managed by the driver with the care and skill which the law required. The defendant excepted to the submission of the question to the jury, whether the driver managed the car with that care and skill required by law and claimed there was no such question in the case.

" We have looked through the evidence with great care and have come to the conclusion that the exception must prevail.

. " The case is without a particle of evidence tending even remotely to the point that there was the least want of care or skill in the management of the car by the driver at any time. On the contrary, the proof is overwhelming and without contradiction that the driver did everything that any one could have done to prevent the accident from the moment that the chain broke. .He remained at his post on the front platform up to the time when he was within about four feet of the car in front of him, and only jumped off at the last moment, and when to have remained would have resulted in his own serious injury, without furnishing the least obstruction to the collision, which was imminent, and which happened within a second or two after he had jumped off. He had been driving cars for this defendant for a year or two prior to this time, and had been in its employ some time prior to that period. The case is without evidence tending to show that he was not an entirely fit man for the position, and there is the same absence of any evidence tending to show that he did not use the necessary and proper degree of care and skill at all times on that trip and up to the time of the collision. When, just prior to the breaking of the chain, he used the brake two or three times to check the speed of the car on account of the driver of the weiss beer wagon getting on the track in front of him, he says he was entirely unconscious of using any more strength upon the brake than was necessary for the purpose of accomplishing his object. He says it was not necessary, and that he does not remember that he did. But even if he did use more force than was necessary, there was no want of skill in that, and if the chain was as strong as it was intended to be, and the pur-

pose of its use called for, there was no harm or injury to be apprehended from such use. It would be improper to submit the question of lack of skill or of negligence in the driver based upon evidence that he had used more force in handling the brake than was absolutely necessary to check the speed of the car.

"At any rate, there was no evidence that he did do so, and a jury should not be allowed to speculate or indulge in a mere guess upon such a matter. There must be at least some evidence upon which the question of a want of skill can be based, and here there was none.

"The plaintiff argues that the driver should have shouted so that the employes upon the car ahead would have heard him and started their car, and thus an accident would have been avoided. The occurrence itself was accompanied with great noise, so as to naturally attract attention. The counsel himself alludes to the proof that there was so much noise from the runaway car as to cause a pedestrian some ways off to hear it and turn around to discover the reason. The case is bare of any evidence that shouting would have been of the least service in preventing the accident. It is also alleged that he should have turned his horses out at right angles with the rails, and thus have dragged the car across and thrown it off the track.

Had he done so and succeeded in overturning the car, considering the speed the car then had, it is quite likely that a worse accident would have occurred, and that a charge of unskillfulness or negligence on the part of the driver would have had much to sustain it under such facts. These are, however, but the possible actions which the counsel for plaintiff thinks now might have been performed by the driver. There is no evidence to show that they would even probably have been effectual. He was confronted with a sudden emergency, and we cannot now say that his action was not the best that could have been performed under the circumstances. Even a failure to exercise the best judgment which the case rendered possible cannot fairly be claimed as evidence of a lack of care or skill. We do not, however, see any evidence that in fact there was such failure.

" The defendant contends there was no evidence of negligence on the part of the defendant to be submitted to the jury.

" There was a question made as to the sufficiency of the inspection.

" The happening of the accident of the nature proved in this case and with regard to a passenger on the defendant's car, was enough evidence of negligence to call upon defendant for some explanation. The witness, who was called to prove the inspection, left the question in such condition as to its sufficiency, that it was proper to submit it to the jury. The defendant proved by one of its witnesses, who had for many years been a chain manufacturer, that, in the case of a wrought-iron link, it was not possible for the external appearance of the iron to be without flaw, and yet a flaw exist in the center; at least he never saw it in wrought-iron, and he had been in the business for thirty-eight years. As one of the links of this wrought-iron chain did in fact break upon this occasion and was lost, and as the chain was comparatively a new one, it might be inferred that it broke on account of some defect or flaw which would have been revealed upon a more minute inspection than seems to have been given. The inspector said he did not, on the morning in question, examine the chain minutely, each particular link, but he looked the whole chain over and tested its strength by winding it up several times. Upon this evidence we think it was a fair question to be submitted to the jury, whether, in view of all the circumstances in which a car may be placed when running on its ordinary trips in the city, a more extended examination was called for, or was indeed practicable in the exercise of proper care and diligence, than was in fact given to the chain in this instance. We do not say the defendant was guilty of negligence in this regard, or that its inspection was insufficient, but we think the question whether it was or not should be submitted to the triors of fact.

"Alleged error in regard to the submission of the question of the sufficiency of the brake appliance as regards plan and method is claimed by defendant. The evidence seems to show there was no question for the jury on that subject. The brake

appliance seems to have been of the same kind as that in general use in all horse railroad companies, and to have been entirely sufficient for its intended use as to plan and method. There is some doubt whether the court, in answer to defendant's requests to charge, did not cure any error that may have existed in the main charge to the jury.

" Other errors are alleged as to the admission and rejection of evidence, which it is unnecessary to notice as they may not arise upon a new trial.

" For the erroneous submission of the question, as to the skill of the driver, to the jury, the judgment should be reversed and a new trial granted, costs to abide the event."

*Henry Thompson* for appellant.

*Charles H. Woodbury* for respondent.

PECKHAM, J., reads for reversal.
All concur, except GRAY, J., not voting.
Judgment reversed.